UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLTEL COMMUNICATIONS, INC.,

    Plaintiff,

v

    Case No. 5:06-cv-195

    Hon. Wendell A. Miles

J. PETER LARK, LAURA CHAPPELLE,
and MONICA MARTINEZ, in their
official capacities as Commissioners
of the Michigan Public Service Commission,

    Defendants.

_____/

ORDER GRANTING MICHIGAN EXCHANGE CARRIERS ASSOCIATION'S
MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE*

This action was filed by Alltel Communications, Inc. ("Alltel") seeking declaratory and injunctive relief under the Federal Telecommunications Act of 1996.[1]  The matter is before the court on a motion by the Michigan Exchange Carriers Association, Inc. ("MECA") for leave to file a brief as *amicus curiae* in support of the position of the defendants that the complaint should be dismissed (docket no. 26).  No party has filed a written response to the motion.

No statute or rule defines a federal district court's power to grant or deny leave to file an amicus brief.  Although MECA cites to Federal Rule of Appellate Procedure 29 in support of its

---

[1] The Telecommunications Act of 1996, Pub.L. No. 104-104, 110 Stat. 56 (codified as amended in scattered sections of 47 U.S.C.).

motion, Rule 29 merely establishes standards for filing an amicus brief in the United States Courts of Appeals. The rule does not apply in the districts courts.

However, even though the Federal Rules of Civil Procedure do not contain a provision addressing amicus appearances in the district court, case law has recognized the authority of district courts to permit limited participation of an *amicus curiae* in pending action. See generally United States v. State of Mich., 940 F.2d 143, 164 -166 (6th Cir.1991) (discussing historical status of *amicus curiae*). Classical participation as an amicus to brief and argue as a friend of the court is a privilege within the sound discretion of the court, "depending upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice." Id. at 165.

Although MECA clearly has an interest in the outcome of the proceedings, it seeks leave only to brief certain issues pertaining to this action. No party has objected in writing to MECA's request, and Alltel has (in a reply brief filed in support of its motion for summary judgment) already addressed certain arguments made by MECA in its proposed *amicus* brief. Under the circumstances, the court concludes that MECA's proffered information is both timely and useful.

MOTION GRANTED.

So ordered this 5th day of June, 2007.

      /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge